EMMA VICTORIA GELPÍ, Petitioner and Appellant, *v.* WILLIAM D. LEAHY, GOVERNOR OF PUERTO RICO, Respondent and Appellee.

No. 7877.  Argued November 17, 1939.—Decided March 26, 1940.

*Alfonso Lastra Chárriez, Adolfo Dones Padró, Pedro Baigés Gómez, Antonio Amadeo* and *Gelpí & Gelpí,* for appellant.  *George A. Malcolm, Attorney General,* and *E. Campos del Toro, Assistant Attorney General,* for appellee.

Mr. Chief Justice Del Toro did not sit on the case.  Mr. Justice Travieso and Mr. Justice De Jesús dissented.

MR. JUSTICE WOLF delivered the opinion of the court.

Emma V. Gelpí was the secretary of the District Court of Mayagüez.  After various incidents which are well reviewed in the opinion of Chief Justice Del Toro, acting as judge in vacation, Emma V. Gelpí was, by the order of the Governor of Puerto Rico, removed from office.  She made an application to Chief Justice Del Toro, acting as judge in vacation, both for a writ of mandamus and an injunction against the Governor, all with the object of restoring or keeping her in her position.  There was a hearing as to whether the writ should issue and it was finally denied.  The acting judge had reasons for refusing the issuance of the writ which I shall not discuss.

Section 49 of the Organic Act says:

"Section 49.—That hereafter all judges, marshals, and secretaries of courts now established or that may hereafter be established in Porto Rico, and whose appointment by the President is not provided for by law, shall be appointed by the Governor, by and with the advice and consent of the Senate of Porto Rico."

That section, in my opinion, gives the Governor an absolute right of removal, following upon the right of appointment.  The Governor, of course, as I conceive it, may do as he did in this case, give a person, subject to removal, notice

and an opportunity to be heard before he acts, and he may thereafter give his reasons for removing that particular person. However, whether the reasons are good or bad, or whether his action in removing could be considered as having been performed for ''just cause'' or not, his power of removal, in my opinion, remains absolute. The fact that he treated the case as if the words ''just cause'' were written in the statute does not, for the reasons suggested by me, affect his right.

These reasons are more particularly set out in my dissenting opinion in *Jiménez* v. *Reilly*, in Volume 30 P.R.R., at page 676.

Nor does the fact that the secretary of the district court is appointed for a term of four years affect the question. This was a matter which I also discussed in my dissenting opinion to the *Jiménez* case, *supra*.

Therefore, I think the action of the Chief Justice in refusing to issue the writ was justified.